UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| BEV ORR | CIVIL ACTION |
|---|---|
| VERSUS | NO. 09-3419 |
| THE MERIT SYSTEMS PROTECTION BOARD | SECTION "N" (3) |

## REPORT AND RECOMMENDATION

On May 1, 2009, *pro se* plaintiff, Bev Orr ("Orr"), filed the captioned matter in this district court against The Merit Systems Protection Board (MSPB). [Rec. Doc. #1]. Plaintiff's application to file her complaint *in forma pauperis* was granted. [Rec. Doc. #3]. Plaintiff later amended her complaint to add information regarding the employing agency (Dept. of the Army), the case number of her Office of Personnel Management (OPM) appeal and the case numbers of her MSPB appeals. [Rec. Doc. # 5]. Initially, plaintiff did not attach copies of the subject orders of the MSPB to her complaint. Plaintiff merely stated that: "The Merit Systems Protection Board (for arbitrary reasons) has refused to hear my case (an appealable adverse action) [removal before tour expiration]. *See* Complaint [Rec. Doc. #1].[1]  Along with her response to this Court's Rule to Show Cause, plaintiff has submitted the "Final Order" at issue and requested court-appointed counsel. *See* Plaintiff's Response/Exhibits re Rule to Show Cause [Doc. #15 at pp. 1 n.1 and 33-34]. The matter was referred to the undersigned Magistrate Judge to handle all pretrial matters,

---

[1] The Court notes that the plaintiff has not served the Office of Personnel Management (OPM) and the United States Attorney as required to perfect service on the MSPB, a federal agency; however, because of the lack of subject matter jurisdiction as explained more particularly below, the Court will not address the absence of service of process on the defendant nor direct the Marshal to properly serve same on behalf of the *pro se* plaintiff. That would be a vain and useless exercise in light of the absence of subject matter jurisdiction in this case.

1

conduct an evidentiary hearing, if necessary, and submit a report of findings and recommendations. [Rec. Doc. #6] The undersigned has determined pursuant to the Rule to Show Cause as explained below that the matter can be resolved without the necessity of conducting an evidentiary hearing.

For the following reasons, **IT IS ORDERED** that plaintiff's request for court-appointed counsel is DENIED and **IT IS FURTHER RECOMMENDED** that plaintiff's case be DISMISSED WITH PREJUDICE in its entirety FOR LACK OF SUBJECT MATTER JURISDICTION.

## BACKGROUND

The facts surrounding the plaintiff's complaint in the case at bar were succinctly recapitulated by the Federal Circuit Court of Appeals, as follows:

> Ms. Orr served as a pharmacist for the Department of the Army (the Agency), under a series of limited term appointments beginning in 1987. In 1992, Ms. Orr accepted a position in Belgium, which the initial standard form identified as a reassignment of her existing position. A later standard form corrected the initial form and identified the action as a conversion to an overseas limited appointment not to exceed July 11, 1993. In May of 1993, the Agency informed Ms. Orr that it would extend her appointment. The Agency terminated Ms. Orr on July 11, 1993.
>
> In 1993, Ms. Orr appealed her termination to the Board [MSPB]. Ms. Orr contended that the Agency had appointed her for a term of thirty-six months, rather than the twelve-month period ending July 11, 1993. The Board considered Ms. Orr's factual allegations, but concluded that she had "not raised factual allegations which, if substantiated, would show that she was offered and accepted a career-conditional appointment or an overseas limited appointment for three years." The Board dismissed for lack of subject matter jurisdiction because the termination of her appointment on July 11, 1993 - the date specified as a condition of her employment - was not an adverse action appealable to the Board. The Board also considered, but rejected, Ms. Orr's arguments that the Board had jurisdiction to consider her whistleblowing and discrimination claims. The Board denied Ms. Orr's petition for review, and Ms. Orr did not further appeal the 1993 Board decision.

Ms. Orr filed the current appeal with the Board in 1999, alleging that the Agency had prematurely terminated her tour of duty and improperly processed her separation because she had a thirty-six month tour of duty ending in 1995. In 1999, the Board dismissed Ms. Orr's appeal for lack of jurisdiction holding that collateral estoppel prevented Ms. Orr from asserting that she had an appointment that extended beyond July 11, 1993. The Board denied Ms. Orr's petition for review of the 1999 initial decision.[2]

The Federal Circuit determined that the issue presented in 1993 to the MSPB was identical to the one presented to that agency in 1999. Moreover, the court concluded that the issue was "actually litigated" in 1993. The Federal Circuit further found that the MSPB properly determined that it did not have jurisdiction over Orr's 1999 appeal because collateral estoppel conclusively determined that she did not have a thirty-six month appointment and thus she did not have a thirty-six month tour of duty. In the case at bar, it is pellucid that Orr is again attempting to re-litigate the issues which were rejected twice by the MSPB – i.e., the latter determination having been affirmed by the Federal Circuit.

## DISCUSSION

### I. Appointment of Counsel

Plaintiff's request for court-appointed counsel has not gone unnoticed.[3] Appointed counsel will serve no useful purpose as explained in greater detail in Section II regarding lack of subject matter jurisdiction. Moreover, plaintiff has not begun to show the type of circumstances which would warrant such an appointment. Unlike a criminal defendant, an indigent litigant in

---

[2]*See Orr v. Department of the Army*, 251 F.3d 170, 2000 WL 1810011 ( C. A. Fed. Dec. 11, 2000) (unpublished opinion) [attached as Exhibit "A"]; *See Orr v. Army*, CAFC No. 2000-3249 Pacer Case Details [attached as Exhibit "B"]. *Compare* Plaintiff's Complaint filed May 9, 2009 [Doc. #1].

[3]*See* Plaintiff's Memorandum Response to Rule to Show Cause at p. 1, n. 1 [Doc. #14].

3

civil proceedings does not have a right to appointed counsel absent "exceptional circumstances."[4] Even assuming that plaintiff has exhausted all avenues in her effort to retain counsel, this Court is not convinced that the plaintiff's situation justifies the special benefit of having counsel appointed to represent her at this nascent stage of the proceedings.

The Court recognizes that every litigant benefits by having an attorney. However, the burden is on the plaintiff to demonstrate that, unique from other *pro se* litigants, she will have particular difficulty in investigating and presenting her case such that her situation justifies the special benefit of having counsel appointed to represent her. Plaintiff's pleadings and responses to this Court's Rule to Show Cause amply demonstrate that she is very articulate. Orr has already prosecuted an appeal to the Federal Circuit concerning the matters which are the subject of the case at bar.

Plaintiff has failed to make the requisite showing and, on balance, the factors considered by this Court weigh against granting plaintiff's request for the appointment of counsel in this particular case. In making this determination, the undersigned has considered all of the following factors: (a) the type and complexity of the case; (b) whether the indigent is capable of presenting her case adequately; (c) whether she is in a position to investigate her case adequately; and (d) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.[5] Accordingly, IT IS ORDERED that Orr's request for court-appointed counsel is DENIED.

---

[4]*See Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir.1997); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Vitug v. Merit Systems Protection Board*, 2002 WL 1216023 (E. D. La.) (Shushan, M. J.); *Sly v. Stalder*, 2002 WL 31371958 (E. D. La.) (Wilkinson, M. J.).

[5]*Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir.1992); *Ulmer*, 691 F.2d at 213.

## II. Lack of Subject Matter Jurisdiction

As previously explained in this Court's Rule to Show Cause, an *in forma pauperis* complaint may be dismissed if it is determined that the action is frivolous or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e). In this matter, dismissal appears to be required due to this Court's lack of subject matter jurisdiction to review the MSPB's "final order."

"28 U.S.C. § 1295(a) provides that the Court of Appeals for the Federal Circuit shall have exclusive jurisdiction 'of an appeal from a final order or final decision of the Merit Systems Protection Board pursuant to section 7703(b)(1) ... of title 5.'" *Blake v. Dep't of Air Force*, 794 F.2d 170, 172 (5th Cir.1986). "The Merit Systems Protection Board ... is an administrative agency that has jurisdiction over specific 'adverse employment actions' affecting federal employees, including terminations, demotions, and suspensions." *London v. Potter*, 2007 WL 1655325, at *3 (E. D. Tex. June 7, 2007) (*citing* 5 U.S.C. § 7512; *Chappell v. Chao*, 388 F.3d 1373, 1375 (11th Cir.2004)). "When a federal employee has been subject to one of these adverse actions, he is entitled to appeal to the MSPB." *London*, 2007 WL 1655325, at *3.

"The Civil Service Reform Act of 1978 (codified in scattered sections of Title V) provides that final decisions of the MSPB are generally reviewable in the Court of Appeals for the Federal Circuit." *Blake*, 794 F.2d at 172 (citing 5 U.S.C. § 7703(b)(1)). "This Act creates an exception for '[c]ases of discrimination.'" *Id.* § 7703(b)(2).

In response to this Court's Rule to Show Cause Order [Rec. Doc. # 10], plaintiff attached a copy of the "Final Order" of the MSPB which is purportedly the subject of this appeal. *See* Plaintiff's Memorandum Response to the Court's Rule to Show Cause (including the "Final

Order" of the MSPB re Docket No. DC-0752-99-0658-I-1 dated *March 17, 2000* concluding that there was no new, previously unavailable, evidence and the judge made no error and denying Orr's petition for review and making the decision of the administrative judge final) [Doc. 14 at pp. 33-35]. Plaintiff was, in fact, apprised of her appellate rights in writing, to wit:

> "NOTICE TO THE APPLICANT REGARDING
> YOUR FURTHER REVIEW RIGHTS
> **You have the right to request the United States Court of Appeals *for the Federal Circuit* to review this final decision.** You must submit your request to the following address:
> United States Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, DC 20439
> The court must receive your request for review no later than 60 calendar days after your receipt of this order.... The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply wit the deadline must be dismissed. *See Pinat v. OPM*, 931 F.2d 1544 (Fed. Cir. 1991)."

*Id. (all emphasis added)* [Doc. 14 at p. 34 of 35]. As indicated at the outset, this Court's review of the electronic filings in the United States Court of Appeals for the Federal Circuit indicated that the plaintiff (Bev Orr) did file an appeal. *See Orr v. Army*, CAFC No. 2000-3249 Pacer Case Details (stating, *inter alia*, the Federal Circuit's disposition – *i.e.*, "12/11/2000 Disposition; Affirmed; by Panel," "Mandated on 2/1/2001" and "2/12/2001: CAFC 'NOTICE OF REJECTION' OF THE PETITIONER'S PETITION FOR REHEARING [SUBMITTED OUT OF TIME. (F.R.A.P. 40(A)]") [attached as Exhibit "B"].

The procedural facts admit only that there is no active and substantial controversy with respect to the defendant MSPB, much less one that involves "discrimination." Indeed, Orr reemphasizes in her supplemental submission [Rec. Doc. # 15] that her allegations in the case at

bar involve "the MSPB's exceeding its Authority to rule on procedures OUTSIDE of her file facts" and the "controversy in the MSPB of the TYPE AND LENGTH of overseas tour she experienced in 1992." *Id.*, at pp. 3-4 (all emphasis in original) [Doc. #15]. *See also* Plaintiff's Memorandum Response to the Rule to Show Cause at pp. 3-5 [Doc. #14].

As aforestated, there is no allegation of discrimination in this case. Rather, Orr seeks "to enjoin the MSPB and Captain Engle's U.S. Army Unit command from thwarting [her] ability to PRESENT true facts TO the EEOC, and others" with respect to an alleged deportation from Germany *which occurred in 1993*.[6] Plaintiff argues that she was "separated or terminated through NO fault of her own, and merely at her Superior's WHIM, **deviating** from her INITIAL TOUR, is entitled to *ADVERSE ACTION* proceedings, from which an appeal may be taken."[7]

The time for appealing any such agency action has long-since prescribed. Indeed, Orr did appeal the second such agency action to the Federal Circuit in 2000. That court's decision affirming the Board's order issued as mandate on February 2, 2001 – *i.e.*, over eight years ago. Plaintiff makes no allegation as to any specific facts beyond that date.[8] Plaintiff makes only

---

[6]*See* Plaintiff's Response in Support of Subject Matter Jurisdiction [Doc. #14 at pp.6-7].

[7]*Id.* at p. 5 (all emphasis in original).

[8]*See* Plaintiff's Response in Support of Subject Matter Jurisdiction (referring to (1) October 22, 1993 Correspondence from the Dept. of the Army regarding an transportation agreement, (2) November 27, 1997 Stars and Stripes article (newspaper account); (3) April 14, 1994 MSPB Order re USA MSPB Dkt. No. DC-0752-93-0725-I-1, (4) December 31, 1996 Correspondence from the Director of Civilian Personnel, U.S. Army/Europe, (5) September 15, 1998 Correspondence from OPM's attorney to Capt. Steven Engle, (6) December 23, 2998 Correspondence from Capt. Engle to OPM's General Counsel, (7) Orr's Summary (8) May 18, 1999 Correspondence from Orr to OPM's Counsel re 1998 treatise and cover-up, (9) June 2, 1999 Correspondence from OPM's Counsel to Orr and (10) the March 17, 2000 Final Order of the MSPB) [Doc. #15 at pp. 9-12].

*conclusory* allegations regarding "many years of coverups."[9] Despite this Court's Rule to Show Cause Order identifying the fatal deficiencies in plaintiff's complaint (even as amended), plaintiff cannot remedy the problem – *i.e.*, lack of subject matter jurisdiction.

First addressing plaintiff's argument that 28 U.S.C. § 1336 confers subject matter jurisdiction in a case or controversy involving the MSPB and/or the Department of Defense, the plaintiff's contention is wholly without merit. 28 U.S.C. § 1336 provides:

> "**§ 1336. Surface Transportation Board's orders**
> (a) Except as otherwise provided by Act of Congress, the district courts shall have jurisdiction of any civil action to enforce, in whole or in part, any order of the Surface Transportation Board, and to enjoin or suspend, in whole or in part, any order of the Surface Transportation Board for the payment of money or the collection of fines, penalties, and forfeitures.
> (b) When a district court or the United States Court of Federal Claims refers a question or issue to the Surface Transportation Board for determination, the court which referred the question or issue shall have exclusive jurisdiction of a civil action to enforce, enjoin, set aside, annul, or suspend, in whole or in part, any order of the Surface Transportation Board arising out of such referral.
> ©) Any action brought under subsection (b) of this section shall be filed within 90 days from the date that the order of the Surface Transportation Board becomes final."

Orr's case does not involve an order issued by the *Surface Transportation* Board.

Most notably, plaintiff refers to nothing that has occurred since the MSPB's Final Order issued. This Court's review reveals no specific action other than plaintiff's appeal of the second

---

[9]*See United States ex rel. Bain v. Georgia Gulf Corp.*, 386 F.3d 648, 654 (5th Cir.2004) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.")(quotation omitted); *Ramming v. United* States, 281 F.3d 158, 161 (5th Cir.2001) ("The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction" and thus "plaintiff constantly bears the burden of proof that jurisdiction does in fact exist.") (citations omitted).

determination of the MSPB, rejecting plaintiff's claim on the basis of collateral estoppel.[10] The epicenter of this litigation is the March 17, 2000 MSPB order, which was affirmed by the Federal Circuit on December 11, 2000.

The defendant in this case, MSPB, is an administrative agency that has jurisdiction over specific "adverse employment actions" affecting federal employees, including terminations. *See London v. Potter*, 2007 WL 1655325 (E.D.Tex. Jun.7, 2007) (citing 5 U.S.C. § 7512). When a federal employee alleges that discrimination was a component of an adverse personnel action, he may file either a "mixed case complaint" with the agency's EEO office or a "mixed case appeal" to the MSPB, but the employee cannot avail himself of both remedies. *See Casimier v. United States Postal Service*, 142 Fed.Appx. 201, 204, 2005 WL 1553997 at *2 (5th Cir. Jul.1, 2005). "[I]f an employee believes that discrimination is a component of an adverse personnel action, the issue of discrimination must be raised from the outset irrespective of whether the employee elects to file with his agency's EEO or the MSPB." *Id.*, 2005 WL 1553997 at *2. A federal employee may obtain a *de novo* review of an MSPB decision in a "mixed case appeal" by filing a civil action in federal district court. *See Harms v. I.R.S.*, 321 F.3d 1001, 1005 (10th Cir.), *cert. denied*, 540 U.S. 858, 124 S.Ct. 159, 157 L.Ed.2d 105 (2003) (citing 29 C.F.R. § 1614.310(b)). However, if the employee elects to proceed before the MSPB and does not raise a discrimination claim in that forum, he waives the right to challenge the adverse personnel action based on discrimination. *Casimier*, 2005 WL 1553997 at *2. In sum, a federal employee cannot split a mixed case into discrimination and non-discrimination claims in order to pursue two

---

[10]*See Orr v. Department of the Army*, 251 F.3d 170, 2000 WL 1810011 ( C. A. Fed. Dec. 11, 2000) (unpublished opinion) [attached as Exhibit "A"]; *Orr v. Army*, CAFC No. 2000-3249 Pacer Case Details (attached as Exhibit "B").

separate appeals from an MSPB final order. *See Williams v. Dep't of the Army*, 715 F.2d 1485, 1491 (Fed. Cir.1983).

The Fifth Circuit has held that federal courts are courts of limited jurisdiction; moreover, courts must presume that a suit lies outside this limited jurisdiction and the burden of establishing federal jurisdiction rests on the party seeking the federal forum. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.2001) (citations omitted).

In this case, Orr did not appeal the first MSPB final order at all. Plaintiff only appealed the second (March 17, 2000) final order pertaining to her termination and then to the Federal Circuit, thereby waiving any discrimination claim she may have had.[11] Regardless of how the plaintiff now parses her claim, she cannot re-litigate the matter in this federal *district* court; moreover, this Court is without subject matter jurisdiction. Accordingly,

**IT IS RECOMMENDED** that the plaintiff's case be dismissed WITH PREJUDICE for lack of subject matter jurisdiction.

## SUMMARY OF CONCLUSIONS

For all of the above and foregoing reasons,

**IT IS ORDERED** that the plaintiff's request for appointment of counsel is DENIED.

**IT IS FURTHER RECOMMENDED** that plaintiff's complaint in its entirety be DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction.

## OBJECTIONS

A party's failure to file objections to the findings, conclusions, and recommendations

---

[11] *See Orr v. Department of the Army*, 251 F.3d 170, 2000 WL 1810011 ( C. A. Fed. Dec. 11, 2000) (unpublished opinion) [attached as Exhibit "A"].

contained in this Report within ten days after service with a copy thereof shall bar that party from de novo review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (*en banc*).

New Orleans, Louisiana, this 19th day of August, 2009.

DANIEL E. KNOWLES, III
**UNITED STATES MAGISTRATE JUDGE**